Allerton J. McEWAN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 210, Docket 24201.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1957.

Decided March 7, 1957.

Albert L. Solodar, New York City, (Philip J. Smith, Englewood, N. J., Wechsler & Solodar, New York City, of counsel, on the brief), for petitioner.

Charles K. Rice, Asst. Atty. Gen. (Lee A. Jackson and Sander W. Shapiro, Attorneys, Department of Justice, Washington, D. C., of counsel, on the brief), for respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The issue on appeal is whether the Tax Court's finding as to the fair market value of the stock at the time of its acquisition in 1937 was clearly erroneous.

In 1937 taxpayer inherited from his grandfather 87½ shares of stock of McEwan Brothers, a closely held family corporation in the business of manufacturing paperboard. He also acquired on or about the day of his grandfather's death 1½ shares from his brother and 1 share from his mother. For federal estate tax purposes, the stock was valued at $177.70 per share after the executors of petitioner's grandfather had contested a higher evaluation.

In 1946 the McEwan family joined to sell to a competitor the entire outstanding 5,000 shares of the corporation, including petitioner's 1.9 per cent interest, for $900 per share. The sale was completed in 1947 and petitioner claimed as basis of $892.90 per share in his 1947 income tax return. This was disallowed and a deficiency of $15,929.17 was assessed based on the Commissioner's valuation of $177.70 per share. The Tax Court affirmed the $177.70 basis, but added $3,575.34 to the evaluation for legal expenses incurred by petitioner in determining his right to the shares left

to him by his grandfather, and computed the deficiency to be $13,991.51.

The basis of property acquired by inheritance is "the fair market value * * * at the time of such acquisition," § 113(a) (5), Internal Revenue Code of 1939, 26 U.S.C.A. § 113(a) (5), and the appraisal for federal estate tax purposes of the value of the property as of the date of the decedent's death "shall be deemed to be its fair market value at the time of acquisition." Treasury Regulations 111, § 29.113(a) (5)–1 (c), promulgated pursuant to § 113 supra. This regulation has been construed to mean that the figure arrived at by such an evaluation is only prima facie correct and may be shown to be erroneous. Plaut v. Munford, 2 Cir., 1951, 188 F.2d 543. Petitioner herein seeks to rebut the prima facie proof of market value based on the estate tax appraisal.

Petitioner claims that the Tax Court arbitrarily disregarded his evidence of the fair market value of the stock at the date of his grandfather's death by ignoring his showing of the good will value in the corporation in 1937, the actual value of its net assets at that time, and the sale of all the corporate stock at $900 per share in 1947.

As to the good will, petitioner seeks to establish its value as of 1937 by an extraordinary pyramid of hypotheses. He commences with the actual earnings of the five years prior to 1937 and then proceeds to adjust these earnings for depression abnormalities, excessive salaries paid to officers, poor management, failure to operate at industry-average capacity and failure to take full advantage of the long established reputation enjoyed by the company. Petitioner's evidence of the value of tangible assets consisted of testimony by an interested expert whose opinion was based on evaluations of occasional private residences and farm lands and buildings in the neighborhood of the McEwan plant at Whippany, New Jersey.

It was within the province of the Tax Court to reject such doubtful and speculative testimony and to accept the evidence introduced by the Commissioner, whose witness was an expert in stock evaluation and whose analysis of the corporation constituted a detailed breakdown of the actual and immediate financial characteristics of the corporation as of 1937.

As to the $900 per share price in 1947, the Tax Court was justified in not according any weight to this 1947 purchase price in arriving at what the value was in 1937, especially as the taxpayer owned only 1.9 per cent of the total shares outstanding and as the purchase of the entire corporation was related to the peculiar interest of a competitor during the post war boom.

We therefore conclude that the Tax Court's valuation cannot be considered clearly erroneous.

Affirmed